UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>MRS. MARTHA ANN MCNEIL,<br><br>Debtor | Case No. 1:25-41066-ess<br><br>Chapter 13<br><br>Adv. Pro. No. 1-26-01001-ess |
| MRS. MARTHA ANN MCNEIL,<br><br>Plaintiff,<br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN ABS MORTGAGE LOAN TRUST 2007-1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1; AND NATIONSTAR MORTGAGE LLC,<br><br>Defendants. | |

**MEMORANDUM OF LAW OF DEFENDANTS IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT IN THE ADVERSARY PROCEEDING**

Harold L. Kofman, Esq.
McCalla Raymer Leibert Pierce, LLP
420 Lexington Avenue, Suite 840
New York, New York 10170
Telephone: 732-692-6841
Fax: 732-692-6841
Email: Harold.kofman@mccalla.com
*Attorneys for Defendants*

# Table of Contents

Table of Authorities ................................................................................................. ii

Preliminary Statement ................................................................................................ 1

Factual Background and Summary of the Complaint ................................................ 3

Argument .................................................................................................................... 5

    **I.**    **THE COURT LACKS SUBJECT MATTER JURIDICTION OVER PLAINTIFF'S CLAIMS UNDER THE ROOKER-FELDMAN DOCTRINE** ................................................................................ 5

    **II.**   **STANDARDS ON A MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)** ............................................................................................. 8

    **III.**  **RES JUDICATA BARS THIS ACTION** .................................................. 9

    **IV.**  **PLAINTIFF'S CLAIMS ARE LEGALLY DEFICIENT** ....................... 11

        **a.**  RESPA Does Not Apply to Wells Fargo, as Trustee ............................ 11

        **b.**  Plaintiff's Claims For Violations of 12 C.F.R. 1024.38 Fail to State a Claim Against Nationstar ....................................................................... 11

        **c.**  Plaintiff Has Not Alleged a Viable Claim Pursuant to 12 C.F.R. 1024.41 .................................................................................................. 13

        **d.**  Section 1024.17 Does Not Provide For a Private Right of Action ........ 13

        **e.**  Plaintiff has not Pleaded a Viable Breach of Contract Claim ............... 14

        **f.**  Plaintiff has not Stated an FDCPA Claim Against Defendants ............ 15

Conclusion ................................................................................................................ 17

# Table of Authorities

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................ 11, 12
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................ 11, 12
*Hoblock v. Albany Cty. Bd. Of Elections*, 422 F.3d 77 (2d Cir. 2005) ........................................ 9
*Jones v Astrue*, 526 F.Supp.2d 455 (S.D.N.Y. 2007) .................................................................. 8
*Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt.*, 712 F.3d 705 (2nd Cir. 2013) ..... 12
*Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt.*, 712 F.3d 705, 718 (2nd Cir. 2013); *United States v. Int'l Longshoremen's Ass'n*, 518 F.Supp.2d 422 (E.D.N.Y. 2007) ........................ 12
*Rooker-Feldman* ............................................................................................................................ 8

**Rules**

Fed. R. Civ. P. 8(a)(2) .................................................................................................................. 11

Defendants Wells Fargo Bank, National Association, as Trustee for Lehman ABS Mortgage Loan Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1 ("Wells Fargo, as Trustee") and Rocket Mortgage, LLC s/b/m Nationstar Mortgage LLC ("Nationstar")[1](collectively, "Defendants"), by and through the undersigned counsel, submits this brief in support of their motion to dismiss the Adversary Complaint (the "Complaint") filed by Plaintiff Mrs. Martha Ann McNeil ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(1) and Bankruptcy Rule 7012 because the Court lacks subject matter jurisdiction based upon application of the *Rooker-Feldman* doctrine and pursuant to Fed. R. Civ. P. 12(b)(6) and Bankruptcy Rule 7012 based upon res judicata and because the Complaint is legally deficient.

## PRELIMINARY STATEMENT

Plaintiff has brought this adversary proceeding as a collateral attack on the Judgment of Foreclosure and Sale ("JFS") entered against her on default in a foreclosure action in the Supreme Court of the State of New York, County of Queens (the "State Court"). Having failed to raise any defenses or claims in the foreclosure action, she asserts herein that Wells Fargo, as Trustee, the foreclosing plaintiff and holder of the subject mortgage, and Nationstar, the mortgage loan servicer, charged her excessive property inspection and foreclosure fees in violation of regulations promulgated pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. 2601, *et seq.* ("RESPA"), the Fair Debt Collection Practices Act, 15 U.S.C. 1681, *et seq.* (the "FDCPA") and in breach of contract. None of these belated claims may be asserted herein.

---

[1] Effective on February 2, 2026. Nationstar Mortgage LLC d/b/a Mr. Cooper merged into Rocket Mortgage, LLC and is now known as Rocket Mortgage, LLC s/b/m Nationstar Mortgage, LLC.

There are several grounds for dismissal of Plaintiff's Complaint. Initially, this matter should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), incorporated by Bankruptcy Rule 7012, for lack of subject matter jurisdiction based upon the *Rooker-Feldman* doctrine. The doctrine precludes a federal court from hearing claims that are inextricably intertwined with a final state court judgment. Plaintiff's action is barred because her claims constitute nothing more than an improper attempt to appeal from the JFS. All four of the conditions for the application of the *Rooker-Feldman* doctrine have been satisfied. Accordingly, subject matter jurisdiction over this action is absent. Plaintiff attempts in her Complaint to avoid dismissal by failing to refer to the JFS entered against her. This failure does not change the character of her Complaint as an appeal from the state court's determinations.

Next, res judicata applies to bar Plaintiff's claims. The JFS against Plaintiff bars all claims that either were asserted or could have been asserted in the foreclosure action. All of Plaintiff's claims could have been asserted in the foreclosure action. Therefore, res judicata precludes this action.

Further, this Court should dismiss this matter because Plaintiff has not alleged any cognizable claim against Defendants. Her RESPA claims against Wells Fargo, as Trustee fail because the statute only applies to servicers, not to mortgagees such as that entity. Next, her RESPA claims against Nationstar should be dismissed because the regulations that Plaintiff alleges were violated either do not provide for a private cause of action or else have not been properly alleged. Plaintiff's breach of contract claim also fails because Nationstar was not a party to any agreement with Plaintiff and her own breach of the mortgage loan documents precludes her claims. Finally, the FDCPA does not support a claim because Wells Fargo, as Trustee was not a debt

collector and controlling Second Circuit law holds that an FDCPA claim may not be based upon the filing of a proof of claim, which is the basis for Plaintiff's FDCPA claim.

## FACTUAL BACKGROUND AND SUMMARY OF THE COMPLAINT

On January 17, 2007, Plaintiff executed a mortgage (the "Mortgage") in the principal amount of $412,500 in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for ResMae Mortgage Corporation and its successors and assigns. (**Kofman Decl., Exhibit 2**). The Mortgage secured a promissory note (the "Note") given by Plaintiff to ResMae and encumbered real property located at 115-60 145th Street, Queens, New York (the "Property"). (**Kofman Decl., Exhibits 1 and 2**). The Mortgage was properly recorded. (**Kofman Decl., Exhibit 2**).

Plaintiff then executed a Loan Modification Workout Agreement (the "Modification Agreement") on April 1, 2010. (**Kofman Decl., Exhibit 3**). The Modification Agreement was properly recorded. (**Kofman Decl., Exhibit 3**). The Note, Mortgage and Modification Agreement are referred to herein, singly and collectively, as the "Mortgage Loan".

Following various mortgage assignments, the Mortgage Loan was assigned to Wells Fargo, as Trustee by an Assignment of Mortgage that was recorded on February 26, 2016. (**Kofman Decl., Exhibit 4**).

Wells Fargo, as Trustee commenced an action to foreclose the Mortgage Loan entitled *Wells Fargo Bank, National Association, as Trustee for Lehman ABS Mortgage Loan Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1 v. Martha McNeil, et al.*, Supreme Court of the State of New York, County of Queens, Index No. 706184/2023 (the "Foreclosure Action"). (**Kofman Decl., Exhibit 5**). Wells Fargo, as Trustee filed an Affidavit of Service in the Foreclosure Action on April 14, 2023 confirming service of process upon Plaintiff. (**Kofman

**Decl., Exhibit 6**). Plaintiff failed to answer or otherwise respond to the Complaint. (**Kofman Decl., Exhibit 7**).

On May 3, 2024, the Court in the Foreclosure Action entered an Order of Reference and Default Judgment against, among others, Plaintiff. (**Kofman Decl., Exhibit 8**). Thereafter, the Court-appointed Referee issued a Report of Amount Due on May 28, 2024 that found the amount due as of June 30, 2023 of $787,615.78. (**Kofman Decl., Exhibit 9**).

By Order entered on December 10, 2024, the Court in the Foreclosure Action (Hon. Timothy J. Dufficy, J.S.C., presiding) granted a Judgment of Foreclosure and Sale (the "JFS") in favor of Wells Fargo, as Trustee. (**Kofman Decl., Exhibit 10**). The Court confirmed the Referee's Report of Amount Due.

Plaintiff commenced this Chapter 13 bankruptcy before a foreclosure sale could take place. (**Kofman Decl., Exhibit 11**). A Proof of Claim was filed on behalf of Wells Fargo, as Trustee on May 12, 2025. (**Kofman Decl., Exhibit 12**).

Plaintiff commenced this adversary proceeding against Wells Fargo, as Trustee and Nationstar by filing her Complaint on January 2, 2026. (**Kofman Decl., Exhibit 13**). Notably, Plaintiff does not reference the JFS entered against her in the Foreclosure Action. Plaintiff primarily asserts that she has been charged excessive property inspection fees. (**Kofman Decl., Exhibit 13 at ¶¶ 20-21**). She asserts the following claims against Defendants: (a) violation of 12 C.F.R. 1024.38, a regulation promulgated pursuant to RESPA, in connection with the allegedly excessive property inspection fees (First Cause of Action); (b) violations of 12 C.F.R. 1024.38 and 12 C.F.R. 1024.41 in connection with allegedly excessive foreclosure fees (Second Cause of Action); (c) alleged mismanagement of her escrow account in violation of 12 C.F.R. 1024.17 (Third Cause of Action); (d) breach of contract based on the charging of excessive property

inspection fees (Fourth Cause of Action); and (e) alleged violations of the FDCPA (Fifth Cause of Action). Plaintiff appears to assert all of her claims against both Wells Fargo, as Trustee and Nationstar.

## ARGUMENT

### I. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS UNDER THE *ROOKER-FELDMAN* DOCTRINE

When a movant seeks dismissal under Rule 12(b)(1), a court must determine whether it has "the statutory or constitutional power to adjudicate [the action]", *Makarova v United States*, 201 F.3d 110, 113 (2d Cir. 2000).and "need not accept as true contested jurisdictional allegations." *Jones v Astrue*, 526 F.Supp.2d 455, 458 (S.D.N.Y. 2007). Ultimately, "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir 2005).

Where, as here, a plaintiff commences a collateral attack in federal court on a state court foreclosure judgment, courts in this circuit have consistently held that the *Rooker-Feldman* doctrine requires dismissal of the federal action. The *Rooker-Feldman* doctrine deprives federal courts of subject matter jurisdiction over suits which are, in essence, appeals from state court judgments. *See, Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308,322 (2007). A court should dismiss "claims that are 'inextricably intertwined' with a state court decision" *Gifford v. United Northern Mortg. Bankers, Ltd.*, 2019 WL 2912489 (S.D.N.Y. 2019)(citation omitted)..

In particular, the *Rooker-Feldman* doctrine holds that lower federal courts lack jurisdiction over federal lawsuits brought by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court

review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). Following the Supreme Court's clarification of the scope of the *Rooker-Feldman* doctrine in *Exxon Mobil*, the Second Circuit has articulated four conditions that, if met, would compel a district court to dismiss a plaintiff's claims for lack of subject matter jurisdiction: first, that the federal court plaintiff must have lost in state court; second, that the federal court plaintiff must complain of injuries sustained as a result of the state court judgment; third, that the federal court plaintiff must invite review and rejection by the district court of the state court judgment; and finally that the state-court judgment must have been rendered before the district court proceedings commenced. *Hoblock v. Albany Cty. Bd. Of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

The Second Circuit held in *In re Wilson*, 410 Fed. App'x. 409, 410 (2d Cir. 2011) that a bankruptcy court had properly dismissed a complaint in an adversary proceeding brought against the successful plaintiff in a mortgage foreclosure action. It was dispositive in *Wilson* that the borrower had commenced an action claiming injury from a prior foreclosure judgment that she had lost. *In re Wilson*, 410 Fed. App'x. at 409-410. Similarly, in *In re Ward*, , 423 B.R. 22 (Bkrtcy Ct. E.D.N.Y. 2010), the Bankruptcy Court applied *Rooker-Feldman* to hold that debtor who had lost a foreclosure action could not challenge the application for relief from the automatic stay of the successful purchaser of the property at a foreclosure sale. *See In re Moise*, B.R. 191 (Bkrtcy, E.D.N.Y. 2017). Courts in this Circuit have applied *Rooker-Feldman* to bar claims relating to a creditor's proof of claim, including an objection to a proof of claim. *See In re Lawtone-Bowles*, 2025 WL 3164631, * 5-6 (Bkrtcy. S.D.N.Y. November 12, 2025); *In re Arensberg*, 2024 WL 3296737, *1-2 (Bkrtcy. S.D.N.Y. July 3, 2024).

Plaintiff's attempt to avoid application of the *Rooker-Feldman* doctrine by failing to mention the Foreclosure Action and JFS in her Complaint does not camouflage the application of the doctrine to her claims. All four of the conditions for application of *Rooker-Feldman* are clearly satisfied. First, Plaintiff was a named defendant in the Foreclosure Action. Because the JFS finally resolved all issues in the Foreclosure Action adversely to Plaintiff, she is a "state court loser" for purposes of the *Rooker-Feldman* doctrine. *Vossbrink v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2nd Cir. 2013) (party against whom foreclosure judgment was entered was "state court loser" for *Rooker-Feldman* purposes).

Second, Plaintiff complains in her Complaint of injuries that she sustained because of the JFS. She challenges the imposition of property inspection fees and foreclosure fees. However, the vast majority of these fees were approved by the Court in the Foreclosure Action and included in the JFS. Wells Fargo, as Trustee had presented these property inspection fees and foreclosure fees to the Referee and the Referee had approved these fees. Thereafter, Wells Fargo, as Trustee had presented the Referee's Report of Amount Due to the Court who confirmed the Referee's findings. The inclusion of the vast majority of fees in the JFS demonstrates that Plaintiff's claims herein are for injuries that she sustained because of the JFS.

Third, Plaintiff's Complaint unquestionably asks this Court to review the JFS entered against her. The JFS established that Wells Fargo, as Trustee was entitled to the property inspection fees and foreclosure fees that it charged to Plaintiff. All of Plaintiff's claims herein assert that these fees were excessive and should not be allowed. Plaintiff asks this Court to sit in review of the determinations of the Court in the Foreclosure Action. Therefore, the third element of the *Rooker-Feldman* doctrine has been satisfied.

Finally, Plaintiff commenced this action after the state court entered the JFS on December 10, 2024. Therefore, the fourth prerequisite for invocation of the *Rooker-Feldman* doctrine – that final judgment had been entered in the state court proceeding before the filing of the federal action – is satisfied.

## II. STANDARDS ON A MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

The Federal Rules of Civil Procedure require a complaint to set forth "a short and plain statement of the claim showing that a pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2). Though the pleading standard of Rule 8 does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In addition, the plaintiff's "short and plain statement of the claim" must "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

For a pleading to survive dismissal pursuant to Fed. R. Civ. P. 12(b) (6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt.*, 712 F.3d 705, 718

(2nd Cir. 2013); *United States v. Int'l Longshoremen's Ass'n*, 518 F.Supp.2d 422, 457-58 (E.D.N.Y. 2007). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). On a Rule 12(b)(6) motion, a district court properly reviews the allegations in the complaint, documents annexed to the complaint, documents referenced in the complaint and matters of public record. *See Bryant v. New York State Dep't. of Educ.*, 692 F. 3d 202, 208 (2d Cir. 2012), *cert. denied*, 569 U.S. 958 (2013). The pleadings filed in the Foreclosure Action are matters of public record that are properly considered on this motion to dismiss. *See Century Surety Co. v. Prince Plaza, LLC*, 2016 WL 11472253, * 3 (E.D.N.Y. February 16, 2016).

As set forth below, Plaintiffs' Complaint fails to state a claim against Defendants and should be dismissed.

### III. RES JUDICATA BARS THIS ACTION

"Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes relitigation of that claim and all claims arising out of the same transaction or series of transactions by a party or those in privity with a party." *Ciraldo v. JPMorgan Chase Bank, N.A.*, 140 A.D.3d 912, 913 (2d Dep't. 2016); *Sciafani v. Story Book Homes*, 294 A.D.2d 559 (2d Dep't, 2002). New York has adopted the transactional approach to res judicata. Under that approach, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred even if based upon different theories or if seeking a different remedy." *O'Brien v. Syracuse*, 54 N.Y.2d 353, 357 (1981). Further, res judicata applies to bar claims against

a party who is in privity with the prevailing party in the earlier litigation. *See Lansua ; Shanghai Pearls & Game, Inc. v. Paul,* 239 A.D. 3d 31 (1st Dep't. 2025).

New York courts have repeatedly held that a judgment of foreclosure and sale in a foreclosure action is "final as to all questions at issue between the parties and concludes all matters of defense which were or could have been litigated in the foreclosure action," *Tromba v. Eastern Fed. Savings Bank*, 148 A.D.3d 753, 754 (2d Dep't. 2017); *See Itzkowitz v. JPMorgan Chase Bank, N.A.*, 175 A.D.3d 1508 (2d Dep't. 2019). Res judicata requires the dismissal of actions brought by mortgagors after the court in the foreclosure action enters a Judgment of Foreclosure and Sale. *See Archibald v. Wells Fargo Bank, N.A.*, 166 A.D.3d 573 (2d Dep't. 2018) (affirming the dismissal on res judicata grounds of a quiet title action brought by mortgagors against whom another court had issued a Judgment of Foreclosure and Sale); *Tromba*, 148 A.D. 3d at 754 (rejecting a quiet title action on the grounds of res judicata where foreclosure action had already entered Judgment of Foreclosure and Sale). Similarly, in *Sheodial v. U.S. Bank, N.A.*, 218 A.D. 3d 511 (2d Dep't. 2023), the Second Department held that the Judgment of Foreclosure and Sale prohibited borrower from bringing a separate action alleging deceptive practices pursuant to N.Y. General Business Law 349. The *Sheodial* Court held that the section 349 claim should have been asserted in the foreclosure action. *Id.; See Jones v. Flushing Bank,* 212 A.D. 3d 791(2d Dep't. 2023) (same).

The Second Department's decision in *D&G Constr. Dean Gonzalez, LLC v. Scohn Enters., Inc.*, 216 A.D.3d 911 (2d Dep't. 2023), *appeal dismissed,* 40 N.Y. 3d 1084 (2024) demonstrates that res judicata bars this action. In *Scohn,* borrower against whom an Amended Judgment of Foreclosure and Sale had been entered, brought a collateral action seeking, among other things, to quiet title and declaratory relief. The Court held that res judicata barred those claims based upon the Amended Judgment of Foreclosure and Sale. *Scohn,* 216 A.D. 3d at 914

These cases demonstrate conclusively that res judicata bars Plaintiff's claims. The JFS entered in the Foreclosure Action constitutes a final judgment of Plaintiff's responsibilities pursuant to the Mortgage Loan, including Wells Fargo, as Trustee's entitlement to recover property inspection fees and foreclosure fees. There can be no question that her objections to the imposition of these fees could have been asserted in the Foreclosure Action in opposition to the motion for a JFS. Plaintiff failed to do so. Res judicata bars her attempts to raise these objections herein. Therefore, res judicata applies to bar this action.

## IV. PLAINTIFF'S CLAIMS ARE LEGALLY DEFICIENT

### A. RESPA Does Not Apply To Wells Fargo, as Trustee

Initially, this Court should dismiss the First, Second and Third Causes of Action as to Wells Fargo, as Trustee. The provisions of RESPA's regulations that Plaintiff alleges were violated apply only to mortgage loan servicers. *See Ramirez v. Wells Fargo Bank, N.A.*, 2021 WL 9564023, * 5 (E.D.N.Y. March 24, 2021) (dismissing RESPA claims against holder who was not servicing the mortgage loan). Here, Wells Fargo, as Trustee was the holder of the Mortgage Loan but was not the mortgage loan servicer. Therefore, the RESPA provisions at issue do not apply to it.

### B. Plaintiffs' Claims For Violations Of 12 C.F.R. 1024.38 Fail To State A Claim Against Nationstar

Plaintiff's assertions in the First and Second Causes of Action that Nationstar is liable for violations of 12 C.F.R. 1024.38 based upon the charging of allegedly excessive property inspection and foreclosure fees should be dismissed because the regulation does not permit a private cause of action. A court interpreting whether a statute or regulation creates a private right of action must determine the intent of Congress in enacting the statute. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 569 (1979) (holding that the

determinative factor in determining an implied private right of action is "whether Congress intended to create a private right of action"); *McAnaney v. Astoria Financial Corporation*, 357 F. Supp. 2d 578, 590-591 (E.D.N.Y. 2005).

12 C.F.R. 1024.38 is a regulation promulgated by the Consumer Financial Protection Bureau (the "CFPB") pursuant to RESPA. *Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act*, 78 Fed. Reg. 10696-899 (Feb. 14, 2013). The CFPB promulgated section 1024.38 pursuant to section 19(a) of RESPA – *i.e.* 12 C.F.R. 2609. *Mortgage Servicing Rules*, 78 Fed. Reg. at 10779. District courts in New York have repeatedly held that section 2609 of RESPA does not give rise to a private right of action. *See Dolan v. Fairbanks Capital Corp.*, 930 F. Supp. 2d 396, 417-418 (S.D.N.Y. 2013) (dismissing RESPA claim relating to maintenance of escrow account because 12 U.S.C. 2609 does not provide for a private right of action); *McAnaney*, 357 F. Supp. 2d at 590-591 (same). These courts have held that Congress' intent not to create a private right of action is evident from the failure of Congress to provide a statute of limitations for a violation of section 2609 or to provide remedies for a violation. *See Dolan*, 930 F. Supp. 2d at 418; *McAneny*, 357 F. Supp. 2d at 591. These decisions conform to the findings of other circuit courts that have held that section 2609 does not provide for a private right of action. *See State of La. v. Litton Mortgage Co.*, 50 F. 3d 1298, 1301 (5th Cir. 1995); *Clayton v. Raleigh Fed. Sav. Bank*, 107 F. 3d 865 (4th Cir. 1997).

With respect to section 1024.38, as a matter of law, no private right of action is available for its violation. *See Ramirez*, 2021 WL 9564023, * 6 (dismissing claim for violation of 12 C.F.R. 1024.38 where the CFPB explicitly stated that borrowers did not have a private right of action for its violation); *Deming v. PNC Mortgage*, 119 F. Supp. 3d 635, 640 (E.D. Mich. 2015)(same).

Accordingly, the claims in the First and Second Causes of Action that Nationstar may be held liable pursuant to 12 C.F.R. 1024.38 should be dismissed.

### C. Plaintiff Has Not Alleged A Viable Claim Pursuant To 12 C.F.R. 1024.41

Plaintiff also alleges in her Second Cause of Action that Nationstar engaged in "dual tracking" in violation of 12 C.F.R. 1024.41. Dual tracking occurs where a mortgage loan servicer commences a foreclosure action or proceeds with a foreclosure sale while simultaneously evaluating a complete loss mitigation application from the borrower. *See Almazon v. JPMorgan Chase Bank, National Association*, 2020 WL 1151313, * 14 (S.D.N.Y. March 9, 2020). A dual tracking claim is not ripe until the mortgaged property has been sold at foreclosure sale. *See Almazon*, 2020 WL 1151313, * 15; *Wenegieme v. Bayview Loan Servicing*, 2015 WL 2151822, * 2 (S.D.N.Y. May 7, 2015).

Here, Plaintiff does not even allege that she ever submitted a complete loss mitigation application to Nationstar, much less that Nationstar was evaluating such an application when the Foreclosure Action was filed. Therefore, she has not stated a dual tracking claim. Further, a dual tracking claim is not ripe because the Property has not yet been sold at foreclosure sale.

### D. Section 1024.17 Does Not Provide For A Private Right Of Action

Plaintiff's allegation in the Third Cause of Action that Defendants violated 12 C.F.R. 1024.17 also fails because no private right of action exists for a violation of that regulation. *See Herman v. Mr. Cooper Group, Inc.*, 2023 WL 6960283, * 2 (S.D.N.Y. October 20, 2023) ("Courts in this Circuit have concluded that no private right of action exists under Section 2609 of RESPA or its implementing regulation, 12 C.F.R. 1024.17").

Plaintiff's allegation in the Third Cause of Action that Defendants violated 12 C.F.R. 1024.17 fails because any breach of that regulations does not support a private right of action.

Section 1024.17 was promulgated pursuant to 12 U.S.C. 2609 and not, as Plaintiff alleges pursuant to section 2605. *See Herman,* 2023 WL 6960283, *2. Accordingly, they cannot assert a claim for a violation of 12 C.F.R. 1024.17.

### E. Plaintiff Has Not Pleaded A Viable Breach of Contract Claim

Plaintiff's allegations in the Fourth Cause of Action that Defendants are liable for breach of the Note and Mortgage for charging excessive fees fail to state a claim. Initially, Nationstar may not be held liable for breach of contract because it was not a party to the Note and Mortgage. At all relevant times, Nationstar acted only as a mortgage loan servicer. A mortgage loan servicer is not a party to mortgage loan documents. *See Kapsis v. American Mortgage Home Servicing, Inc.,* 923 F. Supp. 2d 430, 451-452 (E.D.N.Y. 2013)(dismissing breach of contract claim asserted against loan servicer); *Pereira v. Ocwen Loan Servicing, LLC,* 2012 WL 1381193, *3 (E.D.N.Y. April 18, 2012)(same); *See Silvester v. Selene Finance, LP,* 2021 WL 861080, * 7-8 (S.D.N.Y. March 8, 2021)("Defendant was not a party to the Mortgage, and simply acting as the loan servicer is insufficient to create privity of contract between the parties"). Accordingly, the breach of contract claim against Nationstar should be dismissed.

Plaintiff has also failed to state a viable breach of contract claim against Wells Fargo, as Trustee. A plaintiff must allege the following to state a breach of contract claim: (a) the contract's existence; (b) plaintiff's performance under the contract; (c) the defendant's breach of the contract; and (d) damages. *See RCN Telecom Servs. v. 202 Centre St. Realty LLC,* 156 Fed. App'x. 349, 350-351 (2d Cir, 2005); *Kramer v. N.Y.C. Bd. Of Educ.,* 715 F. Supp. 2d 335, 356 (E.D.N.Y. 2010). Here, Plaintiff has not – and cannot allege – that she performed under the Mortgage Loan documents as required to state a breach of contract claim. The pleadings in the Foreclosure Action, including the JFS, established Plaintiff's breach of her payment obligations. Plaintiff does not

dispute her default on the Mortgage Loan in her Complaint in this action. Accordingly, she has failed to plead one of the requisite elements of a breach of contract claim.

### F. Plaintiff Has Not Stated An FDCPA Claim Against Defendants

Plaintiff has also failed to state an FDCPA claim against Defendants. Initially, Wells Fargo, as Trustee is not subject to the FDCPA because it is not a debt collector. Next, Plaintiff's FDCPA claim based upon the inclusion of property inspection and foreclosure fees in the Proof of Claim fails because the filing of a proof of claim is exempt from the FDCPA.

As a matter of law, Wells Fargo, as Trustee may not be held liable because it is not a debt collector pursuant to the FDCPA. The FDCPA only prohibits deceptive practices or unfair or unconscionable means employed by debt collectors. 15 U.S.C. 1692e. A debt collector is an entity that is collecting a debt that is owed to another, and the term does not apply to creditors who are attempting to collect debts that are owed to it. *See Maguire v. Citicorp Retail Services, Inc.*, 147 F. 3d 232, 235 (2d Cir. 1998); *Johnson-Gellineau v Steine & Assoc., P.C.*, No., 2019 U.S. Dist. LEXIS 108025, at *26 (S.D.N.Y. June 27, 2019), *aff'd*, 837 Fed. Appx. 8 (2d Cir. 2020), *cert. denied*, 142 S. Ct. 91 (2021).

Plaintiff's Complaint makes plain that Wells Fargo, as Trustee is a creditor and not a debt collector. Plaintiff alleges that Wells Fargo, as Trustee is a creditor and holds the Note. (**Kofman Decl., Exhibit 13, ¶ 9**). Plaintiff's admission that Wells Fargo, as Trustee is a creditor demonstrates that the FDCPA does not apply to it.

Next, Plaintiff has also failed to state an FDCPA claim against Nationstar. Her FDCPA claim rests entirely upon her assertion that the Proof of Claim sought excessive property inspection and foreclosure fees in violation of 15 U.S.C. 1692e and 15 U.S.C. 1692f. (**Kofman Decl., Exhibit 13**). The Second Circuit Court of Appeals has held that an FDCPA claim may not be asserted

based upon an allegedly inflated proof of claim. *Simmons v. Roundup Funding, LLC*, 622 F. 3d 93 (2d Cir. 2010). Plaintiffs in *Simmons* asserted that a debt collector and its counsel had violated the FDCPA by misrepresenting the amount of the debt that they owed. *Simmons*, 622 F. 3d at 94. The District Court dismissed the action for failure to state a claim. The Second Circuit affirmed because the filing of a proof of claim could not give rise to an FDCPA claim. *Simmons*, 622 F. 3d at 95. The Second Circuit stated that the bankruptcy court provided sufficient protection to debtors to protect them from the filing of inflated proofs of claim and that there was no basis to supplement those protections by allowing an FDCPA claim. *Simmons*, 622 F. 3d at 95. The *Simmons* Court concluded "the filing of a proof of claim in bankruptcy court cannot form the basis for an FDCPA claim". *Simmons*, 622 F. 3d at 96.

Application of the Second Circuit's holding in *Simmons* requires the dismissal of Plaintiff's FDCPA claim in the Fifth Cause of Action. Plaintiff, like plaintiffs in *Simmons*, alleges that the filing of the Proof of Claim seeking allegedly inflated amounts violates the statute. However, pursuant to *Simmons*, such allegations cannot form the basis for an FDCPA claim.

## CONCLUSION

Based on the foregoing reasons of fact and law, the Complaint filed by Plaintiff Mrs. Martha Ann McNeil should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and Bankruptcy Rule 7012 under the *Rooker-Feldman* doctrine and, alternatively, pursuant to Fed. R. Civ. P. 12(b)(6) and Bankruptcy Rule 7012 for failure to state a claim upon which relief can be granted.

Respectfully submitted,

MCCALLA RAYMER LEIBERT PIERCE, LLP
*Attorneys for Defendants*

Dated: February 19, 2026          By: _____
                                      Harold L. Kofman